The Inhabitants of Athens *versus* The Inhabitants of Brownfield.

Where a notice in writing respecting paupers is sent by the overseers of one town to those of another *by mail*, under the provisions of St. 1835, c. 149, (Rev. Stat. c. 32, § 44,) it is not necessary that the postage of the notice should be paid by the town sending it.

And where a notice, thus sent by mail, arrived at the town to which it was directed, but the overseers declined to take it, and it was sent to the general postoffice as a dead letter, no copy thereof having been retained by the overseers sending it, *it was held*, that it was competent to prove the contents of the notice by parol.

This was an action to recover for the support of a pauper and her children, alleged to have had their settlement in Brownfield. At the trial before Whitman C. J. the plaintiffs proved, that a notice in due form was made out, containing the information and request proper in such cases, directed to the overseers of the poor of Brownfield, signed by the chairman of the overseers of the poor of Athens as such, put into

the form of a letter, and superscribed to the overseers of Brownfield.  This letter was put into the mail at Athens, but the postage was not paid.  It reached the postoffice in Brownfield in due time to have given seasonable notice to the overseers of the poor of that town, if they had taken the letter from the postoffice, which they could not have done without paying the postage.  They declined to take the letter, because the postage had not been paid, and it remained in the postoffice at Brownfield, until it was forwarded to the general postoffice as a dead letter, as required by law.  The defendants offered parol proof of the contents of the letter, no copy having been kept by the overseers of Athens.  The defendants objected to the admission of such evidence, but the objection was overruled, and the testimony was received.  The paupers had no settlement in Athens.

A nonsuit was entered by consent, which was to be taken off and a default entered, if the sending of the notice and the proof of it, were sufficient to entitle the plaintiffs to recover.

*Hutchinson*, for the defendants, said that the law must be strictly pursued to charge a town with the support of a pauper. The notice must be in writing, and if sent by mail, the postage must be paid.  The town to be charged is not liable to pay the expense of notice.  The legislature did not intend to impose such burthen, and they had no right to do it.  *Groton* v. *Lancaster*, 16 Mass. R. 110.

The parol evidence was improperly admitted.  Better evidence could have been produced.  The plaintiffs might have sent to Washington, and obtained the original, or a copy, and should themselves have retained a copy.  1 Stark. Ev. 386.

*Greene*, for the plaintiffs, contended that the notice was legally given, under the provisions of the St. 1835, c. 149. The duties of town officers, and the duties and liabilities of towns are prescribed by the law.  The legislature have power to prescribe any mode of giving notice, they choose.  The statute says that the notice shall be sufficient, if sent by mail, and arrives at the town to be charged.  It is equivalent to actual

delivery.   The statute does not require the postage to be paid by the town sending the notice.

The evidence of the contents of the notice was properly admitted.   The law does not require the town officers to keep a copy of the notice.   And if one had been kept, it would not have been evidence.   The best evidence attainable is admissible.   1 Stark. Ev. 386, 389; *Taunt. &c. Turnp.* v. *Whiting,* 10 Mass. R. 327; *Welch* v. *Barrett,* 15 Mass. R. 380; *Central Bank* v. *Allen,* 16 Maine R. 41.

At a subsequent day in the same Term, the Court, by TENNEY J. remarked that the provisions of the statute of 1835, c. 149, respecting notice, appeared to have been complied with by the plaintiffs.   The notice was put into the postoffice in Athens, and arrived at Brownfield.   The statute does not require that the town sending the notice should pay the postage of the letter.   It is not necessary, that the postage on notices in relation to bills of exchange and promissory notes should be paid by the parties sending them.   And the legislature might think it the most convenient to leave the postage to be paid by the town to which the notice was sent.

The notice had gone beyond the control of the plaintiffs, and had probably been destroyed, without their fault.   The parol evidence was rightly admitted.

*The nonsuit must be taken off*
*and the defendants be defaulted.*